In the Matter of the Petition of Frieda Hinsch and Edwin L. Snedeker to Render and Settle Their Account as Executors of the Last Will and Testament of Louise Diehl, Deceased.

Surrogate's Court, Kings County, June (Recevied July, 1923).

**Executors and administrators — accounting — claim based upon contract to bequeath a legacy allowed.**

Where in an accounting proceeding claimant, a step-daughter of decedent, bases her claim for $25,000 against the estate upon a contract with decedent, and the evidence establishes that decedent was urging claimant and her husband to come to live with her and said to claimant's husband: " If you will decide to come back I will see that Tine is well remembered in my will," and claimant and her husband having agreed to return, and upon discussing the financial arrangements decedent said: " I am awfully glad you made this decision and I will see that Tine is well taken care of. I am going to leave her at least $25,000 when I die," and decedent never having denied or disputed the arrangement and the claimant having satisfactorily performed her part of the agreement, the claim will be allowed.

Accounting proceeding.

*Snedeker & Snedeker (Alden S. Crane, of counsel)*, for petitioners.

*Benjamin Eisler (Herbert T. Ketcham, of counsel)*, for claimant.

Wingate, S. The claimant seeks to recover the sum of $25,000 upon a contract made by the decedent to bequeath to claimant a legacy of that amount in her will, in consideration of claimant's coming to live with the decedent, caring for her needs and performing the duties pertaining to the household.

The claimant, who is decedent's stepdaughter, had previously lived with her stepmother for a considerable period, but had left and established her home elsewhere. The decedent was desirous of having the claimant return and the matter was under consideration.

The older woman was urging claimant and her husband to come to live with her, and upon one occasion said to claimant's husband: " If you will decide to come back I will see that Tine is well remembered in my will."

Thereafter, the young couple called one evening upon the older woman and announced their determination to return and entered upon a discussion of the details of the financial arrangements. They discussed the matter in its several aspects throughout the evening, and during the talk the decedent said: " I am awfully glad you made this decision and I will see that Tine is well taken care of. I am going to leave her at least $25,000 when I die."

It is now urged that this was a purely gratuitous offer made

after the contract was concluded, was without consideration, and is unenforcible. Such does not, however, appear to be the case. No time during the evening, short of the leave taking of the claimant and her husband, can be fixed as the point when the discussion as to the contract may be considered to have terminated, but all the events of the entire evening must be taken into consideration in reaching a finding as to the terms of the agreement.

Furthermore, the decedent had upon the previous occasion mentioned that if the claimant and her husband would come back she would " see that Tine is well remembered in my [her] will." The later words were substantially the same, plus the fixation of the amount as at least $25,000.

This is not one of those cases where there is grave doubt of any intent on the part of decedent. She announced her intention to her friends, on several occasions, covering a number of years, and procrastination seems to have been the only impediment to accomplishment. Everybody connected with the family seems to have been aware of the arrangement, and the decedent never denied or disputed it. The claimant has fully performed her part of the agreement, to the frequently expressed satisfaction of the decedent. The agreement is amply established by the evidence, and the claim is allowed.

Settle decree on notice.

Decreed accordingly.